# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT COLE** | **CIVIL ACTION NO. 10-907-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Robert Cole ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on June 1, 2010. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. He names Warden N. Burl Cain as respondent.

On May 28, 2008, Petitioner was convicted of one count of first degree murder and one count of first degree murder feticide in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. Subsequently, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the first degree murder conviction and 15 years imprisonment at hard labor as to the first degree murder feticide conviction. The trial court ordered said sentences to run concurrently.

In support of this petition, Petitioner alleges four claims of ineffective assistance of counsel. For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

**LAW AND ANALYSIS**

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits that he did not file a direct appeal of his convictions and sentences. [Doc. 1, p. 3]. He further admits that his application for post conviction relief is still pending in the Louisiana Twenty-Sixth Judicial District Court. [Doc. 1, p. 5]. Thus, Petitioner has failed to exhaust all available state court remedies.

After exhausting all available state court remedies, Petitioner may file a new petition for writ of habeas corpus and the Court will address his equitable tolling claim at that time.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 25 day of May 2011.

                                              MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE